UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>LINDA BETH SPOSATO<br><br>          Debtor.<br><br>LINDA BETH SPOSATO,<br><br>          Appellant,<br><br>      -against-<br><br>SELENE FINANCE, LP, as services for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust,<br><br>          Appellee. | 26-CV-70 (JGLC)<br><br>**<u>ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff has filed two new letters in violation of Court orders, including one requesting a temporary restraining order ("TRO"). *See* ECF Nos. 16–17. The Court HEREBY DENIES Plaintiff's requests at ECF No. 17. The requests regarding Appellee's identity are denied as moot, per the Court's prior Order at ECF No. 13, and the request for a TRO is denied on the merits.

To obtain preliminary injunctive relief, Appellant must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this stage in the proceedings, Appellant's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. A bankruptcy court already made a determination against Appellant, and her moving papers do nothing to demonstrate that a material mistake was made. Accordingly, Plaintiff's request for a TRO (ECF No. 17) is denied.

Ms. Sposato has filed an excessive volume of letters with the Court, despite two prior directives from the Court to wait until her brief is due and compile her arguments therein. *See* ECF Nos. 13, 15. Ms. Sposato is again advised that allegations brought in an *ad hoc* manner outside of her brief will not be considered and are not helpful. Appellant SHALL request leave of Court for any future filings outside of those specified in Federal Rule of Bankruptcy Procedures 8018. Any further motions at this stage will be denied as moot.

The Clerk of Court is directed to terminate ECF No. 17 and mail a copy of this Order to Appellant.

Dated: February 16, 2026
      White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge