UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>LINDA BETH SPOSATO,<br><br>Debtor. | 26-CV-70 (JGLC)<br><br>**OPINION AND ORDER** |
| LINDA BETH SPOSATO,<br><br>Appellant,<br><br>-against-<br><br>SELENE FINANCE, LP, as servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust,<br><br>Appellee. | |

JESSICA G. L. CLARKE, United States District Judge:

After Linda Beth Sposato defaulted on her mortgage payments in 2020, Selene Finance, LP ("Selene Finance"), to whom the mortgage was assigned, initiated foreclosure proceedings and obtained a judgment for foreclosure and sale. Since then, six foreclosure sales have been scheduled, and five bankruptcy petitions have been filed. This appeal arises out of the fifth such bankruptcy proceeding. But because the appeal was filed out of time, this Court lacks jurisdiction to consider any claims Sposato may have. The Court therefore dismisses the appeal.

## PROCEDURAL HISTORY

The facts underlying Sposato's bankruptcy proceedings are not relevant to the jurisdictional issue that bars this appeal, so the Court does not describe them here. Instead, the Court will briefly recount the procedural history.

On June 10, 2025, Sposato filed a Chapter 7 bankruptcy petition. *In re Linda Beth Sposato*, No. 25-22513 (SHL) (Bankr. S.D.N.Y. June 10, 2025) ("Bankr. Case"), ECF No. 1.

Once Sposato filed her bankruptcy petition, it triggered an automatic stay of (among other things) "the enforcement, against the debtor or against property of the estate, of a judgment obtained before" the petition was filed. 11 U.S.C. § 362(a)(2). On June 25, 2025, Appellee and mortgage servicer Selene Finance moved for relief from the automatic stay so that it could complete a foreclosure action against Sposato. Bankr. Case, ECF No. 19. On July 29, 2025, the Bankruptcy Court granted Selene Finance relief from the automatic stay and denied Sposato's various related motions. Bankr. Case, ECF No. 84. After the bankruptcy court issued its July 29 Order, Sposato filed various motions seeking relief from the Order. Bankr. Case, ECF Nos. 86, 87, 88, 89, 91, 92, 93, 95, 96, 98, 100, 101, and 102. On September 19, 2025, the bankruptcy court denied all such motions. Bankr. Case, ECF No. 104.

On January 2, 2026, Sposato filed her notice of appeal, identifying the bankruptcy court's July 29, 2025 and September 19, 2025 Orders as the subjects of the appeal. ECF No. 1 at 1.

**DISCUSSION**

It is well-settled that the deadline for filing a notice of appeal from the bankruptcy court to the district court is jurisdictional. *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam). Under the Federal Rules of Bankruptcy Procedure, generally "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). That said, the time to file a notice of appeal is tolled while certain qualifying motions are pending in bankruptcy court. Fed. R. Bankr. P. 8002(b)(1). "If this Court lacks appellate jurisdiction over a bankruptcy appeal, the action must be dismissed." *In re Amelio*, No. 20-CV-3080 (JPC), 2020 WL 7028957, at *5 (S.D.N.Y. Nov. 30, 2020).

Under Rule 8002(a), Sposato's notice of appeal is months overdue as to each order for which she seeks review. Her notice of appeal suggests that this delay was due to "lack of notice" and an issue with accessing the docket. ECF No. 1 at 1. Even assuming that these assertions could excuse Rule 8002(a)'s deadline, *but see Siemon*, 421 F.3d at 169, Sposato's assertions are not credible. She had notice of the bankruptcy court's July 29 Order because she filed several motions seeking relief from it, all of which were denied in the September 19 Order. And the docket reveals that she had notice of the September 19 Order because she made subsequent filings referencing it. *See, e.g.*, Bankr. Case, ECF No. 114 at 3. Finally, her filings both in bankruptcy court and this Court often seek emergency relief, confirming that she has had no trouble accessing the docket. At least under Rule 8002(a), Sposato's notice of appeal is untimely.

After Selene Finance noted this jurisdictional defect in its brief, ECF No. 28 at 1, 11–13, Sposato filed an amended reply brief suggesting that Rule 8002(b) applies. ECF No. 30 at 20–21. She argues that after the bankruptcy court's July 29 Order, her subsequent motion to vacate that order tolled the time for noticing her appeal until the motion was decided. *Id.* Again, even assuming that Sposato's motion to vacate is a motion that qualifies for tolling, *see* Fed. R. Bankr. P. 8002(b)(1), her motion was decided when the bankruptcy court denied it in its September 19 Order. Bankr. Case, ECF No. 104 (denying ECF No. 86). Because it was no longer pending and had been decided for over fourteen days by the time Sposato filed her notice of appeal, this motion does not trigger Rule 8002(b). And the docket does not reveal any other qualifying, pending motion that would have tolled the time for Sposato to notice her appeal until January 2, 2026. Rule 8002(b) therefore does not apply.

**CONCLUSION**

Sposato's notice of appeal was untimely and not subject to tolling. The Court therefore lacks jurisdiction over the appeal. It must be DISMISSED.

The Clerk of Court is directed to close this case.

Dated: November 18, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge